UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SHANNA LICATA, | Case No. 3:23-cv-00592-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| LOWE'S HOME CENTERS, LLC, dba LOWE'S; and DOES I-XX, inclusive, | |
| Defendants. | |

Before the Court is Plaintiff Shanna Licata's ("Licata") motion to remand. ECF No. 7. Defendant Lowe's Home Centers, LLC, dba Lowe's ("Lowe's") filed a response (ECF No. 8) and Licata replied (ECF No. 9). For the reasons articulated herein, the Court grants Licata's motion to remand.

I.      **BACKGROUND**

On August 11, 2020, Licata was struck by a large potted tree as it was being loaded into her vehicle by Lowe's. ECF No. 7 at 1; ECF No. 8 at 2. On August 9, 2022, Licata filed a complaint to recover damages for injuries she sustained from the incident in Second Judicial District Court, Washoe County, Nevada, Case No. CV22-01279. *Id.* On January 26, 2023, Licata sent Lowe's a demand letter (herein "Demand Letter") offering to settle all claims for $1,840,733.06. ECF No. 7-4 at 10; ECF No. 8 at 2. After receiving no response, on June 1, 2023, Licata filed a seven day notice of intent to take default judgment. ECF No. 7-5. On September 28, 2023, Licata filed a notice of entry of default. ECF No. 7-6. Shortly thereafter, the parties stipulated to remove the default and permit Lowe's to answer the complaint. ECF No. 7 at 2. On October 20, 2023, Lowe's

filed its answer. ECF No. 7-8. After Licata filed an exemption from arbitration on October 31, 2023 ("Exemption from Arbitration") (ECF No. 1-3), Lowe's filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1332, 1337, 1367, 1441, and 1446 on November 21, 2023. ECF No. 1.

In its removal notice, Lowe's asserts (1) diversity of citizenship between Licata and Lowe's; (2) an amount in controversy exceeding $75,000; and (3) that removal was timely. *See generally* ECF Nos. 1, 1-3. In the motion to remand, Licata argues that Lowe's notice of removal is untimely as Lowe's was notified that the amount in controversy exceeded $75,000 in her Demand Letter dated January 26, 2023, which identified $872,514.06 in damages. ECF No. 7 at 2. In its response, Lowe's claims that Licata's Demand Letter did not contain a reasonable estimate of Licata's claim to rise to the level of other paper under 28 U.S.C. § 1146(b)(3). ECF No. 8 at 4. Specifically, Lowe's points to Licata only having incurred $34,571.00 in actual medical bills. *Id.* Lowe's argues that it was not until Licata filed her Exemption from Arbitration that an amount in controversy exceeding $75,000 could be ascertained. *Id.* In reply, Licata refutes Lowe's argument as the Exemption from Arbitration used the same past medical expenses and estimated future medical expenses as the Demand Letter. ECF No. 9 at 4-5.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

"[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the defendant has established that

diversity jurisdiction exists, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997). Generally, courts apply a mechanical test to determine whether the amount in controversy requirement has been met: "[t]he district court simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds" $75,000.00. *Id.* at 375. If it is apparent to the court that the claim was made in good faith, then the value of the claim controls for purposes of removal, unless it appears "to a legal certainty that the plaintiff cannot recover the amount claimed." *Id.*

Removal of a case to district court may be challenged by motion and a federal court must remand a matter if there is a lack of jurisdiction. *See generally* 28 U.S.C. § 1441. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

#### A.  Amount in Controversy and Timeliness of Removal

The Court's jurisdiction over diversity cases requires, amongst other things, that the amount in controversy exceed $75,000 exclusive of interest and costs. 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a). The Court must first determine whether it is facially apparent from the complaint that the amount in controversy exceeds $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quotation omitted). Here, it is not facially apparent from Licata's complaint whether the amount in controversy exceeds $75,000 as it only identified (1) special damages in excess of $15,000; (2) general damages in excess of $15,000; (3) costs of suit; and (4) for such other relief the Court deems just and proper. ECF No. 1-2 at 4. Because it is not facially apparent from Licata's complaint that the amount in controversy exceeds $75,000, the Court finds that the complaint alone did not render the matter removable under diversity jurisdiction.

"[I]f the case stated by the initial pleading is not removable," then the second removal pathway can be triggered and "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The defendant must receive a *subsequent* amended pleading, motion, order, or other paper, from which grounds for removal may be ascertained. *Dietrich v. Boeing Co.,* 14 F.4th at 1091 (emphasis added). In the Ninth Circuit, "ascertain[able]" means "unequivocally clear and certain." *Id.* at 1093. Therefore, the second pathway's 30-day removal clock will not start to run until the defendant receives a subsequent amended pleading, motion, order, or other paper makes grounds for removal unequivocally clear and certain.

Licata argues that the Demand Letter sent on January 26, 2023, triggered the second pathway's removal clock, whereas Lowe's argues it was Licata's Exemption from Arbitration filed on October 31, 2023, that triggered the second pathway's removal clock. ECF No. 7 at 3-4; ECF No. 8 at 3-4. Further, Lowe's argues that Licata's Demand Letter did not include a reasonable estimate of Licata's claim as only $34,571.00 related to actual past and ongoing medical expenses, and the rest of the claimed damages for future medical expenses were speculative, unverifiable, and inflated. ECF No. 8 at 4.

The Ninth Circuit has stated that settlement letters can be "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Moreover, district courts in the Ninth Circuit have used settlement demand letters to determine the amount in controversy and ensuing removal deadlines. *See e.g.*, *Ambriz v. Luxury Imports of Sacramento Inc.*, Case No. C08-01004 JSW, 2008 WL 1994880, at *2 (N.D. Cal. May 5, 2008).

After inspection of Licata's Demand Letter, the Court finds that its contents provided grounds for which removal may have been ascertained. Licata's letter includes a demand to settle for $1,840,733.06 for a full release of her claims and included voluminous supporting medical records and future medical care recommendations and estimates (approximately 150 pages). ECF No. 7-4 at 12-164. Following a description of the circumstances surrounding the injury, Licata details her medical diagnoses, ongoing treatment, recommended treatment, and provides a breakdown of her demand: (1) Past Medical Expenses of $34,571.00; (2) Future Medical Expenses of $785,815.00; (3) Loss of Past Household Services of $20,347.06; and (4) Past and Future Pain

and Suffering of $1,000,000.00. *Id.* at 8. Additionally, a further breakdown of Licata's recommended future medical expenses was provided. *Id.* at 13. While the Court agrees that the estimated fees for pre-operative testing could be construed as unverifiable, Licata provides two surgical estimates from Spine Nevada for the recommended procedures: Anterior Cervical Discectomy with Fusion for $327,372.00 (Exhibit 5) and Lumbar 4-5 OptiLif for $167,443.00 (Exhibit 6). *See id.* at 162, 164. Thus, even without considering the estimated pre-operation costs, Licata's demand makes unequivocally clear and certain that the amount in controversy here far exceeds $75,000. Lowe's has not offered subsequent contrary evidence showing that these estimates are not reasonable nor inflated. *See Cohn*, 281 F.3d at 840 (holding that the amount in controversy established by plaintiff's settlement letter was sufficient to establish amount in controversy primarily because plaintiff had made no attempt to disavow his letter or offer contrary evidence and rather consistently maintained that the settlement letter amount was accurate). Furthermore, there is no dispute that Lowe's received Licata's Demand Letter as Lowe's acknowledges receipt of it in its response. ECF No. 8 at 2.

The Court notes that Lowe's seemingly critiques Licata's Demand Letter as unreasonable because it includes future estimates of recommended medical procedures yet now relies on them for purposes of removal. ECF No. 8 at 4. In its petition for removal, Lowe's specifically points to the itemized "past medical expenses of $34,571.00" and "future medical and related expenses approximately $709,815.00" in Licata's Exemption from Arbitration as "the first pleading from which it may be ascertained this case is removable." ECF No. 1 at 3. The Court finds Lowe's arguments unpersuasive as the Exemption from Arbitration actually includes *less* information and supporting documentation than Licata's Demand Letter (emphasis added). For these reasons, the Court is satisfied that Licata's Demand Letter established that the amount in controversy exceeds $75,000.

Because the Court finds that Licata's Demand Letter reflected a reasonable estimate of her claim and made it unequivocally clear that the amount in controversy exceeded $75,000, the second pathway's 30-day removal clock was triggered on January 26, 2023. The Demand Letter allowed Lowe's to clearly and unequivocally ascertain grounds for removability and, more

specifically, established that the amount in controversy demanded by Licata exceeded $75,000. The Court also notes that Licata's Demand Letter was not only *received* by Lowe's, but it was received *after* the complaint was filed, thus squarely falling into the "other paper" requirements as established in 28 U.S.C. § 1446(b)(3). *Dietrich*, 14 F.4th at 1091 (emphasis added). Lowe's did not file its petition for removal until November 21, 2023, clearly after the second pathway's 30-day removal clock deadline.

### B.     Request for Attorney Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 132 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these 'large objectives,' the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 133.

Licata requests the Court to grant an award of her costs, expenses, and attorney fees resulting from the removal. ECF No. 7 at 5. However, the Court does not find that an award of attorney fees would be proper here. Although this Order holds that removability was unequivocally clear from Licata's Demand Letter, the basis on which Lowe's argues that the matter was not removable until it received Licata's Exemption from Arbitration, although unsupported by the law, is objectively reasonable. Thus, the Court denies Licata's request for an award of attorney fees to cover the costs associated with the remand motion.

### IV.    CONCLUSION

IT IS THEREFORE ORDERED that Licata's motion to remand (ECF No. 7) is **GRANTED**.

///

IT IS FURTHER ORDERED that Licata's request for an award of attorney fees to cover the costs associated with the instant motion is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **REMAND** this action, 3:23-cv-00592-LRH-CLB, to the Second Judicial District for the State of Nevada.

IT IS SO ORDERED.

DATED this 22nd day of May, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE